IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KBC SIENNA LLC D/B/A | § | |
| COMFORT SUITES MABANK TEXAS | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:16-cv-2290 |
| | § | |
| NATIONWIDE PROPERTY AND | § | |
| CASUALTY INSURANCE COMPANY AND | § | |
| FELICIA ZIMMER | § | |
| | § | |

**DEFENDANT NATIONWIDE PROPERTY AND CASUALTY INSURANCE
COMPANY'S NOTICE OF REMOVAL**

Defendant, Nationwide Property and Casualty Insurance Company ("Defendant")

through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice

of Removal of the Texas state court action captioned *KBC Sienna LLC d/b/a Comfort Suites*

*Mabank Texas v. Nationwide Property and Casualty Insurance Company and Felicia Zimmer;* In

the County Court at Law No. 2, Kaufman County, Texas.  In support of this Notice of Removal,

Defendant respectfully shows the following:

**I.
INTRODUCTION**

1.      This lawsuit arises out an insurance claim for hail damage to a commercial

property owned by Plaintiff KBC Sienna LLC d/b/a Comfort Suites Mabank Texas ("Plaintiff")

in Mabank, Texas.  Under application of federal pleading standards the allegations asserted

against Felicia Zimmer ("Zimmer"), the sole non-diverse defendant, fail to state a cause of action

under Texas law.  Defendant therefore removes this action pursuant to 28 U.S.C. § 1332 as

complete diversity exists between the proper parties.

## II.
## BACKGROUND

2.      Plaintiff KBC Sienna LLC d/b/a Comfort Suites Mabank Texas is a resident of Kaufman County, Texas, and owns the commercial property at issue, which is also located in Kaufman County, Texas.[1]   Defendant issued a Premier Business Owner's Policy to Plaintiff, Policy No. ACP GLKO 5525927178 (the "Policy"), which generally covers commercial buildings located at TX Hwy 198 and Hwy 175, Mabank, Texas 75147 in Mabank, Texas (the "Property").

3.      Plaintiff made an insurance claim for alleged damage to the Property from an April 2015 weather event, the adjustment of which gave rise to this action.  Plaintiff initiated the present action by filing its Original Petition in the County Court at Law No. 2, Kaufman County, Texas on July 14, 2016.[2]   Defendant filed its Original Answer on August 5, 2016, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition.[3]

4.      Plaintiff alleges that Zimmer is a resident of the State of Texas and a Nationwide employee who was assigned to assist with the adjusting of Plaintiff's insurance claim.  Plaintiff alleges that Zimmer failed to timely and reasonably investigate the claim, spent insufficient time inspecting the property, failed to "inspect or assess most of the storm damage," and relied on the observations of a "ladder assist" company; all of which resulted in an allegedly inaccurate accounting of storm damage.[4]   Plaintiff alleges that this inaccurate accounting of damage to the

---

[1] Plaintiff's Original Petition, ¶¶ II and VII(B), attached as **Exhibit A.**

[2] *Id.*

[3] Defendant's Original Answer, attached as **Exhibit B.**

[4] **Exhibit A** at ¶¶ VI(G)-(J).

property itself constituted a misrepresentation of material facts.[5]  Plaintiff alleges that the failure

to account for all covered damage was demonstrated by the findings of Plaintiff's own adjuster,

and that Zimmer failed to allow the additional damages that were identified by Plaintiff's

adjuster.[6]  Plaintiff alleges that the foregoing shows that Zimmer's investigation as unreasonable,

that her damage findings constitute a misrepresentation, and that the misrepresented damage

findings resulted in underpayment of Plaintiff's claim.[7]

5.    The above paragraphs contain the core allegations asserted against Zimmer,

although numerous other conclusory statements are made in the pleading.  Based upon these

alleged facts, Plaintiff asserts claims against Zimmer for Breach of the DTPA §§ 17.46(b)(2),

(5), (7), (12) and (19) and §§ 17.50(a)(2), (3), and (4), and violations of Texas Insurance Code.

Tex. Ins. Code §§ 541.051(1)(B), and §§541.060(a)(1), (2), (3), (4) and (7).[8]  Plaintiff's causes

of action against Zimmer incorporate the prior factual allegations, but track the statutory

language of cited statutory provisions.[9]  Defendant does not admit the underlying facts as alleged

by Plaintiff, and expressly denies any liability.

6.    Under application of Federal pleading standards the sparse factual allegations

against Zimmer fail to state a cause of action under Texas law.  Zimmer is therefore improperly

joined, and her citizenship may be disregarded for the purpose of establishing diversity

jurisdiction.  This action is therefore removable pursuant to 28 U.S.C. § 1332 as complete

diversity exists between the proper parties.

---

[5] *See* **Exhibit A** at ¶¶ 3, 6, 14, 38-59.

[6] *Id.* at ¶ K.

[7] *Id.* at ¶¶ K-l.

[8] *Id.* at ¶¶ VII(C) – (D).

[9] *Id.*

7.      This Notice of Removal is filed within 30 days of service of Plaintiff's Original Petition on Defendant, and is therefore timely under 28 USC § 1446.

8.      Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiff through his attorney of record, and to the clerk of the County Court at Law No. 2, Kaufman County, Texas.

9.      Pursuant to 28 USC § 1446(a), all process, pleadings, and orders in the State Court Action served on Defendant and not otherwise specifically identified as separate exhibits have been incorporated in **Exhibit A**.

10.     Consent to removal is not required from improperly or fraudulently joined parties. *See* Jernigan v. Ashland Oil Inc., 989 F.2d 812, 815 (5th Cir. 2003).

## II.
## JURISDICTION

11.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

### A.      Diversity of Parties and Improper Joinder

12.     Plaintiff resides and is domiciled in Kaufman County, Texas.  Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiff is a citizen of the State of Texas.

13.     Defendant is organized under the laws of Ohio and maintains its principal place of business in Ohio.  Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Defendant is a citizen of the State of Ohio.  Complete diversity exists with respect to Plaintiff and Defendant.

14.     Zimmer is a Texas resident; however, Zimmer's citizenship should be disregarded as she has been improperly joined to this action.

15.     A defendant is improperly joined if the moving party establishes that (1) the plaintiff has stated a claim against a diverse defendant that he fraudulently alleges is nondiverse, or (2) the plaintiff has not stated a claim against a defendant that he properly alleges is nondiverse.[10]   Because Zimmer is nondiverse, only the latter option is relevant.

16.     A non-diverse defendant is improperly joined if "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against" the non-diverse defendant.[11]   Courts may "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim" against the non-diverse defendant.[12]   Under such analysis, the critical question is whether the allegations of Plaintiff's Original Petition "contain sufficient factual matter, accepted as true, to state a claim to relief" under Texas law.[13]   In undertaking its decision, courts are to apply Federal pleading standards to the asserted state court claim.[14]   A plaintiff's obligation to provide the "grounds" for "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.[15]   Put simply; the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[16]   In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.[17]   When the allegations

---

[10] *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd*., 818 F.3d 193, 208 (5th Cir. 2016).

[11] *Id.* at 200; citing *Smallwood v. Ill. *193 Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004) (en banc).

[12] *Id.*

[13] *Trang v. Bean*, 600 F. App'x 191, 193 (5th Cir. 2015) (internal citations omitted).

[14] *Int'l Energy Ventures Mgmt., L.L.C.*, 818 F.3d at 200-208 (5th Cir. 2016).

[15] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[16] *Id.* at 570.

[17] Fed. R. Civ. P. 9(b)

that Texas DTPA and Insurance Code claims are based upon allegations or causes of action involving misrepresentation, the fraud pleading standards of Fed. R. Civ. P. 9(b) apply.[18]

17.     Plaintiff asserts claims against Zimmer under the Texas DTPA and Texas Insurance Code.[19]   In doing so, Plaintiff employs form allegations which are not substantively tailored to the facts of this case.   Those form allegations fail to describe with particularity the circumstances constituting fraud or misrepresentation, and fail to plead enough facts to state a claim to relief that is plausible on its face.   Under the 12(b)(6)-type analysis of *Smallwood* and the application of Federal pleadings standards, Plaintiff fails to assert a claim to relief under Texas law against Zimmer.   As such, Zimmer has been improperly joined to this action and there is complete diversity of citizenship between the properly joined parties.

**B.     Amount in Controversy**

18.     Plaintiff's Original Petition states that Plaintiff "currently seeks monetary relief over $1,000,000."[20]   Plaintiff further seeks compensation for actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and exemplary damage.[21]   Plaintiff has alleged that Defendant's conduct was wrongful and done knowingly, entitling him to a trebling of actual damages under Texas Insurance Code Chapter 541.[22]   Penalties, exemplary damages, and attorneys' fees are included as part of the amount in

---

[18] *Encompass Office Sols., Inc. v. Ingenix, Inc*., 775 F. Supp. 2d 938, 965 (E.D. Tex. 2011); *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998).

[19] **Exhibit A** at *¶¶ VII(C) – (D)*.

[20] *See* Plaintiff's Original Petition, **Exhibit A**, ¶ I.

[21] *See Id.* at ¶ XV.

[22] *See Id.* at ¶ X.

controversy.[23]   The threshold for diversity jurisdiction, $75,000, is therefore met by the allegations of Plaintiff's Original Petition.

### III.
### CONCLUSION

19.    This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and this matter is therefore removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties, the amount in controversy exceeds $75,000 exclusive of interest and costs, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

WHEREFORE, Defendant Nationwide Property and Casualty Insurance Company hereby provides notice that this action is duly removed.

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert G. Wall
Texas Bar No. 24072411
rwall@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Ave., Suite 800
Austin, Texas 78701
Telephone:  (512) 476-7834
Facsimile:   (512) 476-7832

**ATTORNEYS FOR DEFENDANTS
NATIONWIDE PROPERTY AND CASUALTY
INSURANCE COMPANY AND FELICIA
ZIMMER**

---

[23] *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing instrument has been served via certified mail, return receipt requested on this the 8th day of August, 2016 to:

William N. Allan, IV                                            ___*7196 9008 9111 1861 5584*___
Wes Holland
Allan, Nava, Glander & Holland PLLC
13409 NW Military Highway, Suite 300
San Antonio, Texas 78231
serveone@ANGlawfirm.com

                                  */s/ Patrick M. Kemp*_____
                                 Patrick M. Kemp